UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ROCHELLE KWIATKOWSKI, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 18 C 4519 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| AVEDA CORPORATION, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Rochelle Kwiatkowski was previously a district manager for Defendant, Aveda Experience Centers Inc.[1] ("Aveda"). After resigning from her position on April 28, 2017, Kwiatkowski brought suit against Aveda under the Illinois Wage Payment and Collection Act ("IWPCA"), 820 Ill. Comp. Stat. 115/2, seeking to recover an annual bonus and ten-year award she claims Aveda owes her. Aveda moves to dismiss the IWPCA claim arguing that Kwiatkowski did not adequately allege that she is entitled to the ten-year award because she did not allege her start date, making it impossible to determine if she worked for Aveda for ten years, and that the annual bonus is not subject to IWPCA because it is a discretionary bonus. Because Kwiatkowski's complaint states that she had a ten-year career at Aveda, she has plausibly alleged that she is eligible for the ten-year award. And because determining whether the annual

---

[1] Aveda states in its motion to dismiss that Kwiatkowski incorrectly identified it as Aveda Corporation in the Complaint. The correct name of her employer is Aveda Experience Centers Inc.

bonus is discretionary or earned is a fact intensive inquiry, it is not appropriate for decision at the motion to dismiss stage. Thus, the Court denies Aveda's motion to dismiss.

## BACKGROUND[2]

Kwiatkowski began working for Aveda in 2007 as a District Manager. Kwiatkowski managed Aveda stores mostly within the Midwest. Aveda restructured Kwiatkowski's territory in 2014 to accommodate the needs of another District Manager, which resulted in her no longer maintaining Denver, Colorado, in her territory. Kwiatkowski did not have any complaints about the restructuring but alerted her supervisors she would like to relocate to Denver at some point and her supervisors assured her she would eventually get Denver back in her territory. In late 2015, Kwiatkowski informed her supervisors about her continued interest in relocating to Denver and her desire to do so before the late summer of 2017. Over the course of 2016, Kwiatkowski discussed this plan with Aveda management and multiple levels of Aveda management approved for her to move to Denver at the end of spring 2017.

In December 2016, Catherine Culotta, the Vice President of Sales at Aveda, traveled to Chicago and requested that Kwiatkowski accompany her to visit a client's salon. While on this trip, Culotta demonstrated abusive and abrasive behavior and admitted to misusing company funds. Kwiatkowski reported this misconduct to Kristen Miller ("Miller") in Aveda's Human Resources Department.

On April 18, 2017, Kwiatkowski's supervisors told her that they had canceled her relocation plan and if she wanted to keep her job with Aveda, she would have to remain in Chicago. The following week, Kwiatkowski met with Culotta, who provided no explanation for why Aveda revoked the relocation plan. Kwiatkowski met with Miller after that meeting and

---

[2] The facts in the background section are taken from Kwiatkowski's complaint and are presumed true for the purpose of resolving Aveda's motion to dismiss. *See Virnich v. Vorwalrd*, 664 F.3d 206, 212 (7th Cir. 2011).

expressed her belief that Aveda was retaliating against her and forcing her out for reporting Culotta's ethical violations.

On or about April 28, 2017, Kwiatkowski asked Miller if she would still receive her annual earned bonus and her ten-year award if she resigned immediately instead of staying with Aveda until June. Miller told Kwiatkowski she did not have to stay employed until June to receive her annual bonus and ten-year award. Kwiatkowski resigned from her employment with Aveda and never received her earned bonus, despite the promise she receieved before her resignation and her repeated requests after she resigned.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

Kwiatkowski brings a claim under IWPCA, alleging that Aveda failed to pay her ten-year award and annual bonus as promised in her employment agreement. Under IWPCA, a former

3

employee may seek to recover final compensation, defined as "wages, salaries, earned commissions, earned bonuses, and the monetary equivalent of earned vacation and earned holidays, and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the 2 parties." 820 Ill. Comp. Stat. 115/2. Aveda argues that Kwiatkowski's IWPCA claim fails because she has not adequately alleged that her annual bonus is earned or that she worked at Aveda long enough to be eligible for the ten-year award.

### I. Annual Bonus

Aveda argues that Kwiatkowski fails to meet the requirements of IWPCA and is not entitled to the annual bonus alleged in the complaint because it is a discretionary bonus. IWPCA applies to "'earned' bonuses, not discretionary and gratuitous bonuses." *Sutula-Johnson v. Office Depot, Inc.*, 893 F.3d 967, 975 (7th Cir. 2018). A bonus is discretionary when the terms associated with the bonus are indefinite or uncertain. *Id.* (citing Ill. Admin Code tit. 56, § 300.500(d)). Determining whether a bonus is discretionary or earned is a fact intensive inquiry, inappropriate for resolution at the motion to dismiss stage. *See, e.g.*, *Schultze v. ABN AMRO, Inc.*, 83 N.E.3d 1053, 1060, 2017 IL App (1st) 162140, 416 Ill. Dec. 216 (Ill. 2017) (following a full trial, determining that despite statements that the bonus was discretionary, it was earned based on an examination of company past practices and treatment of other employees).

Aveda asks the Court to take judicial notice of the Fiscal Bonus Plan, Doc. 12-1, and the Employee Service Awards Policy, Doc. 12-2, arguing that these documents are referenced in Kwiatkowski's complaint and central to her claims. First, these documents are not referenced in her complaint. Second, it is unclear if they are central to her claim. They may well central to her

4

claims, but at this stage, before the parties have taken any discovery, their importance is unclear. Regardless, even if the Court took notice of these documents, they are not dispositive. As noted above, determination of the nature of a bonus as earned or discretionary is a fact intensive inquiry, and the Court may need to review evidence that is outside of the company's stated policies to determine if the bonuses are truly discretionary. Such an analysis is only appropriate at the summary judgment stage.

Kwiatkowski has alleged that the annual bonus was earned, that she was told that she would still receive it if she resigned her employment in April 2017, and that she never received this bonus. This is sufficient to state a claim under IWPCA.

## II. Ten-Year Award

Kwiatkowski alleges in her complaint that she started working for Aveda in 2007 and resigned after April 28, 2017, when she was told she did not have to stay employed until June to receive her ten-year award or annual bonus. Aveda argues that Kwiatkowski is not entitled to the ten-year award because she did not allege her exact start date, only stating she began work at Aveda in 2007, and, therefore, it is possible that she did not work there for a full ten years. This argument turns the motion to dismiss standard on its head. At this stage, the Court is required to make all reasonable inferences in favor of the plaintiff. *AnchorBank, FSB*, 649 F.3d at 614. Kwiatkowski alleges in her complaint that she had a "ten-year career" at Aveda, Doc. 1 at 1, and that this career ran from some time in 2007 until April 2017. Additionally, she alleges that someone in the Human Resources Department told her she did not need to stay until June 2017 to receive her ten-year award. Drawing all reasonable inferences in Kwiatkowski's favor, it is reasonable to conclude that she worked at Aveda for ten years and thus alleged eligibility for the

ten-year award. After discovery, Aveda may show this inference is incorrect, but as this stage, Kwiatkowski has alleged enough to proceed on her IWPCA claim.

## CONCLUSION

For the foregoing reasons, the Court denies Aveda's motion to dismiss the IWPCA claim.

Dated: January 14, 2019

_____
SARA L. ELLIS
United States District Judge